# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MAURICE BAKER,<br><br> Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br> Respondent. | )<br>)<br>)<br>)<br>) Case No. CV414-059<br>)     CR413-066<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Following his 2013 conviction and 57-month sentence on gun charges (violating 18 U.S.C. §§ 922(g) and 924(a)(2)), doc. 30, Maurice Baker took no appeal (doc. 29; doc. doc. 32 at 2) but now moves for 28 U.S.C. § 2255 relief. CR413-066, doc. 32.[1] He raises just one claim -- "that his sentence was erroneously enhanced under U.S.S.G. § 2K2.1(b)(6) for allegedly possessing a firearm in connection with another felony offense, to wit, aggravated assault, on or about [D]ecember 20, 2012." *Id.* at 2. The Court previously conducted a preliminary review under the Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C.

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

§ 2255, but interrupted it to order a needed, and since-filed, sentencing transcript. Doc. 33 (Order); doc. 35 (transcript).

Baker explains that while fleeing from an assailant who shot at him, he returned fire in self-defense, the whole exchange was captured on video, and the State declined to prosecute him. Doc. 32 at 3; *see also* doc. 26 at 1-2 (his sentencing memorandum illuminating these facts). But the U.S. Attorney pressed felon-in-possession gun charges against him anyway. Doc. 32 at 3. Baker pled guilty to that, docs. 27 & 30, but now complains that this Court misapplied the federal sentencing guidelines in assigning a four-level enhancement to his sentence based on his use of a firearm with another felony offense. Doc. 32 at 2-7. He insists he did *not* commit another felony offense, acted only in self-defense, and thus didn't possess or use a firearm in connection with another *felony* offense.[2] Hence, Baker concludes, this Court erred, requiring a resentence. *Id.* at 3-7.

---

[2] Note that the phrase "in connection with" does not require proof that the firearm actually facilitated the other felony offense. *United States v. Pinckney*, 444 F. App'x 358, 360 (11th Cir. 2011). "For instance, where it is reasonable to assume that a defendant possesses a firearm, even without using it, to prevent the theft of counterfeit currency in his possession, an enhancement is properly applied." *United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001).

This claim is procedurally defaulted since it was not raised on appeal.[3] Baker can show cause for overcoming that default by pleading and proving ineffective assistance of counsel (IAC). *Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013); *Guyton v. United States*, 447 F. App'x 136, 140 (11th Cir. 2011) (§ 2255 movant procedurally barred from claiming that his due process rights were violated by career offender enhancement at sentencing; he did not object to it at sentencing nor raise it on direct appeal, nor did he establish ineffective assistance to show cause for his procedural default); *Geter v. United States*, 534 F. App'x 831, 836 (11th Cir. 2013) (no ineffective-assistance-of-counsel cause shown to overcome procedural default on career offender enhancement claim).

---

[3] As the Eleventh Circuit explained:

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A claim is procedurally defaulted even if it was foreclosed explicitly by existing circuit precedent at the time of the defendant's direct appeal. *McCoy v. United States*, 266 F.3d 1245, 1258–59 (11th Cir.2001) (noting that perceived futility does not constitute cause to excuse a procedural default).

*Hill v. United States*, 542 F. App'x 770, 771-72 (11th Cir. 2013). "Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence." *Id.*

Baker is travelling that route by alleging that his lawyer was "ineffective for failing to object to and/or appeal the erroneous-enhancement . . . under U.S.S.G. §2K2.1(b)(6)." Doc. 32 at 7.[4] He thus must show that:

> (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) the movant suffered prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The standard governing counsel's performance is "reasonableness under prevailing professional norms." *Id.* at 688, 104 S.Ct. at 2065. In light of the strong presumption in favor of competence, a movant seeking to prove a Sixth Amendment violation must establish that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir.2000) (en banc).

*Geter*, 534 F. App'x at 836.

The Presentence Investigation Report (PSI) on Baker says that, "[s]ince [Baker] used the firearm in connection with another felony offense (aggravated assault), the offense level is increased by four levels, pursuant to USSG §2K2.1(b)(6)(B)." PSI at 5. It also reports that Baker encountered one Charles Mobley on a Savannah, Georgia street, that Mobley fired at him and that Baker fired one round back. *Id.* at 4. That

---

[4] Note that an ineffective assistance claim may be brought under § 2255 whether or not a movant could have raised it on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Cruz v. United States*, 188 F. App'x 908, 910-11 (11th Cir. 2006).

4

much supports Baker's "self-defense" assertion. But the Probation Officer also wrote in his Sentencing Recommendation that:

> The shooting that is related to the instant offense was part of an on-going dispute. *The defendant went to Mobley's workplace, armed.* The circumstances of this case show that although Baker fired only one round during the instant offense, his revolver was found to contain six empty bullet casings. Therefore, it appears the defendant may have been involved in previous criminal activity prior to this shooting.

Sentencing Recommendation (not on the docket) at 1 (emphasis added). The Officer also noted that Baker is a recidivist: "He has served multiple periods of incarceration which have done little to deter his criminal activity." *Id.* at 2. Finally a PSI Addendum notes that Baker "has no objections to the [PSI]." PSI Addendum at 1.

These documents undermine Baker's IAC claim. As noted, the government need only show that the gun in a defendant's possession *could* reasonably have been used for some other criminal purpose (e.g., "to prevent the theft of counterfeit currency in his possession," *Pinckney*, 444 F. App'x. at 360). That was presented to the sentencing judge, after defense counsel expressly raised the same self-defense explanation that Baker presents here.[5] Doc. 35 at 8 ("So to the extent that this is self-

---

[5] Arguing against the PSI's 57-month recommendation, counsel argued:

defense, it was a situation that Mr. Baker created, and he fired one shot, but he fired one shot because he only had one bullet. The situation was in no way avoided by Mr. Baker."). Baker essentially rehashes his lawyer's characterization (*supra* n. 5), doc. 32 at 3-4, which comes nowhere close to showing that his lawyer was *Strickland*-deficient.

In *Guyton*, the movant sought to overcome his default by arguing that he was "actually innocent" of his career offender enhancement. *Guyton*, 447 F. App'x at 141. That argument failed, however, "because a defendant cannot be 'convicted of being guilty of the [career offender] enhancement.' *Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) (en banc) ('If guidelines enhancements were crimes, they would

---

> Without downplaying Mr. Baker's conduct, Your Honor, we'd ask you to consider at least the following: Mr. Baker was carrying the weapon at issue because he was in fear for his safety, having been shot at several days earlier by his assailant. He fired the weapon once after being fired at. And, Your Honor, had he lawfully been carrying the weapon – and we don't suggest that he was – but had he lawfully been carrying the weapon, that could be called self-defense. So we ask Your Honor to consider that as well.
>
> The state dropped its – the state had this case first, Your Honor, and had a concurrent case, as you know. The state dropped its assault charge against Mr. Baker under these circumstances. The government here didn't charge Mr. Baker with assault. It's certainly within Your Honor's power to impose a sentence that does not take the assault into account. In a guidelines term – and we said this at the end of our memo – that would reduce the offense level for Mr. Baker's crime to the minimum of 20 for the crime charged, the offense charged.

Doc. 35 at 6.

have to be charged in the indictment and proven to the jury beyond a reasonable doubt.')." *Id.* Baker does not even raise that argument here, but to the extent it can be said that he did,[6] it fails for the same reason.

Accordingly, Maurice Baker's § 2255 motion must be **DENIED**. Doc. 32. Applying the Certificate of Appealability (COA) standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 11th day of July, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] He is proceeding *pro se*, so his pleadings must be construed liberally, though the court cannot argue for him, nor compensate for abandoned claims. *Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").